UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUIS ALBERTO TENORIO-VELEZ, | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-11-1177 |
| | § | |
| S.C.G.W., INC., *ET AL.*, | § | |
| *Defendants*. | § | |

## ORDER

This Fair Labor Standards Act (FLSA) case in which plaintiff alleges defendants failed to pay overtime is before the court on defendants' motion to dismiss (Dkt. 8). Having considered the parties' submissions and the law, the court denies the motion.

### Motion to Dismiss Standards

In determining a Rule 12(b)(6) motion, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' " *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir.2004) (quoting *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir.1999)). However, only facts are entitled to an assumption of truth; legal conclusions unsupported by factual allegations do not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *Gonzalez v. Kay*, 577 F.3d 600, 603 (2009).

**Analysis**

Plaintiff alleges he worked as a cook at Star Grill Cinema, "a dinner theater concept that combines dinner and a movie." Defendants contend that this case must be dismissed because the FLSA expressly provides that "the provisions of Section 207 of this title shall not apply with respect to . . . any employee by an establishment which is a motion picture theater." 29 U.S.C. § 213(b)(27). A "motion picture theater" is, anachronistically, a "commercially operated theater primarily engaged in the exhibition of motion pictures with or without vaudeville presentations." 29 C.F.R. § 779.384.

The issue is whether or not plaintiff has alleged a plausible claim against Star Grill Cinema. The court cannot say as a matter of law, accepting plaintiff's factual allegations as true, that the § 213(b)(27) exemption applies to Star Grill Cinema. In determining whether an employer is "primarily engaged" in a particular activity, the Fifth Circuit has applied an income test. *Brennan v. Texas City Dike & Marina, Inc.*, 492 F.2d 1115, 1119 (5th Cir. 1974). Under *Brennan*, Star Grill Cinema's major income source will be its principal activity. *Id.*

Defendants contend that *Brennan* is limited to the application of the "amusement or recreational establishment" exemption of 29 U.S.C. § 213(a)(3). Defendants have no authority to back up this assertion, and the court finds none in the opinion itself. Moreover,

defendants' reliance on 29 C.F.R. § 779.384 is misplaced. That regulation provides that the exemption applies "irrespective of the annual dollar volume of sales of such establishment or of the enterprise of which it is a part." 29 C.F.R. § 779.384. The regulation says nothing about how to determine whether an establishment is primarily engaged in the exhibition of motion pictures. It is defendants' burden to show that it qualifies for the § 213(b)(27) exemption; the court cannot make that determination as a matter of law based on the allegations in the complaint.[1]

**Conclusion and Order**

Because plaintiff's complaint states a plausible claim for relief under the FLSA, defendants' motion to dismiss (Dkt. 8) is denied.

Signed at Houston, Texas on October 17, 2011.

Stephen Wm Smith
United States Magistrate Judge

---

[1] The result is the same even under the "totality of circumstances" test adopted by the 10th Circuit in *Chessin v. Keystone Resort Mngt., Inc.*, 184 F.3d 1188, 1194 (10th Cir. 1999), cited by defendants. But it does not appear that the Fifth Circuit has abandoned *Brennan's* income test in favor of the *Chessin* approach.